Samuel H. Hofstadter, J.
Defendant moves for judgment dismissing the complaint, pursuant to subdivision 6 of rule 107 of the Rules of Civil Practice. Plaintiff and the defendant were subcontractor and general contractor respectively. The work of the subcontractor was commenced on March 25, 1957. It was completed on January 15,1958. On January 28,1958 the plain *350 tiff executed and delivered to the defendant its release of liens and on the same day the plaintiff received from the defendant, upon the basis of vouchers submitted by the plaintiff, a check representing final payment and the full amount of the balance due from the defendant to the plaintiff. While, as claimed by the plaintiff, the release was of liens only, the general condition No. 25 of the contract provided: “ The making and acceptance of the final payment shall constitute a waiver of all claims by the Contractor * * * and of all claims by the Subcontractor, except those previously made and still unsettled.” Absent any pending and still unsettled claim, the contract waiver and release must serve to bar the maintenance of this action.
■ To defeat the motion and to raise at least a triable issue, the plaintiff refers to negotiations commenced prior to the giving of the release and the acceptance of the alleged final payment and to a series of correspondence, the first letter dated December 13, 1957 and the last dated November 3, 1958. In that correspondence is not an iota of evidence that the plaintiff was negotiating with respect to any claims against the defendant by reason of breach of contract on its part or with respect to extras or upon any other claim of damage suffered by the plaintiff by reason of any wrong on the part of the defendant. It clearly appears from that correspondence thalt the plaintiff had sustained a loss by reason of miscalculation in estimating upon the job and not otherwise. For example, in the letter of December 13, 1957, the plaintiff states:
“ The execution of this work has been both a frustrating and perilous financial experience. Many factors over which we have had little control, nor which we could have anticipated, have contributed in making this a sad and expensive operation.
* * *
“We are not unmindful of our responsibilities or of the hazards involved in a project of this type. We must, ordinarily, ride with the vicissitudes of a normal construction job as we encounter them, but this job was not a normal one. It was extreme— far more so than we believe a contractor of average prudence could possibly have foreseen.
“ With all of this in mind,, we thought possibly you would be willing to listen to our story in detail, and then discuss with us all of the factors involved. After such a discussion, we hope that you might see and consider the justice of extending us some reasonable and equitable relief. We would appreciate a conference any time at your convenience. ’ ’
In the letter of May 23, 1958 it is stated: “I also discussed verbally my concept of other tangible and intangible costs which *351 were involved. I believe Dr. Wuerth understands my point of view and is trying to be very helpful. I suppose only time will reveal the ultimate outcome. In the meantime, let me say thanks to both you and Paul for the understanding approach which you have made in helping us present our problem and request for an adjustment.”
Whatever claim plaintiff may believe it now possesses, as reflected in the complaint, it fails completely to demonstrate the existence of an unsettled claim at the time of the giving of the release and of the waiver of claims by reason of the acceptance of the final payment pursuant to the contract. Obviously, the claims now set forth in the complaint are of such character that they must have been known to the plaintiff at the time of final settlement, waiver and release, yet were at no time projected as basis of any pending and unsettled claim.
The motion is granted dismissing the complaint. By reason of this disposition, it is unnecessary to reach the relief sought by the notice of motion in the alternative. Settle order.